**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TROY WAYNE MCDADE, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2672 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition

challenging his 2013 conviction and 16-year sentence for murder. Having considered the

pleadings, the record, matters of public record, and the applicable law, the Court

DISMISSES this lawsuit as barred by limitations.

### *Background Facts and Federal Limitations*

This petition is governed by provisions of the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are

subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as

follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of
> a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner reports, and public state court records show, that he was convicted of murder and sentenced to 16 years' imprisonment on June 3, 2013. The conviction was affirmed on direct appeal on July 31, 2014, and discretionary review was refused on October 15, 2014. Petitioner did not seek a writ of certiorari with the United States Supreme Court. Consequently, petitioner's conviction became final on January 13, 2015, and the one-year AEDPA limitation expired on January 13, 2016. Petitioner did not file his application for state habeas relief until June 5, 2017. Because it was filed after expiration of the AEDPA limitation, his state habeas proceeding had no tolling effect on the federal limitation.

Petitioner's instant federal habeas petition was filed no earlier than July 25, 2018, over two-and-one-half years after expiration of the AEDPA limitation. Because the

petition showed on its face that it was untimely, the Court ordered petitioner to show

cause, by written response, why the instant proceeding should not be dismissed as barred

by limitations.

### *Statutory and Equitable Tolling*

In his timely-filed response (Docket Entry No. 4), petitioner argues that he is

entitled to equitable tolling of limitations based on the state trial court's inordinate delays

in processing his state habeas application and his motion for DNA testing under Chapter

64. However, any post-filing delay by the state courts would not exonerate petitioner's

own untimeliness in seeking state habeas and Chapter 64 relief. Petitioner's one-year

federal limitation expired on January 13, 2016. He did not file his application for state

habeas relief or Chapter 64 motion until after that date, on June 5, 2017, and February 28,

2017, respectively. Because these state proceedings were filed after expiration of the

federal limitation, they had no tolling effect or arguable tolling effect under section

2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner shows

no entitlement to statutory tolling of limitations.

To merit equitable tolling, a petitioner must show that he has been pursuing his

rights diligently, and that some extraordinary circumstance stood in his way that prevented

timely filing. *Lawrence v. Florida*, 549 U.S. 327 (2007); *Pace v. DiGuglielmo*, 544 U.S.

408 (2005). The habeas petitioner has the burden of establishing that he is entitled to

equitable tolling, and federal courts "must consider the individual facts and circumstances

of each case in determining whether equitable tolling is appropriate." *Alexander v.*

*Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). As previously noted, petitioner filed his state proceedings for collateral review after expiration of the federal limitation. Consequently, the "inordinate delay" reported by petitioner occurred after expiration of the federal limitation and provides petitioner no basis for equitable tolling.

Petitioner's instant federal petition was due January 13, 2016. He presents no facts establishing that he pursued his rights diligently and that some extraordinary circumstance stood in his way that prevented his timely filing. Petitioner is not entitled to application of equitable tolling, and his habeas petition must be dismissed as barred by the federal one-year statute of limitations.

### Conclusion

Petitioner's federal habeas petition is DISMISSED WITH PREJUDICE as barred by the federal one-year statute of limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on October 24, 2018.

Gray H. Miller
United States District Judge